# IN THE COURT OF APPEALS OF IOWA

No. 17-0349
Filed June 20, 2018

**ZACHARY JAMES CONNELL,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

Zachary Connell appeals from the denial of his application for postconviction relief. **AFFIRMED.**

Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Benjamin M. Parrott, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

Zachary Connell was convicted of first-degree murder and child endangerment resulting in death. *State v. Connell*, No. 12-0661, slip op. at *2, 2013 WL 6116831 (Iowa Ct. App. Nov. 20, 2013). Connell's convictions resulted from the death of A.B., who was a child of the woman with whom Connell lived, V.B. *Id.* This court affirmed his convictions but remanded for resentencing because of the "one-homicide" rule. *Id.*, slip op. at *27.

Connell filed an application for postconviction relief (PCR) asserting trial counsel was ineffective in a number of respects.[1] After trial, the PCR court entered

---

[1] After counsel was appointed, an amended PCR application was filed in which Connell asserted trial counsel was ineffective as follows:

> (2) counsel did not make offers of proof regarding the attempts to present evidence of a certain witness's mental health pursuant to Iowa Code section 235A.15(2)(d)(2). . . .
>
> (3) counsel did not raise spoliation or preservation of evidence of squad car statements showing bias and vindictiveness of the interrogator asking if he drugged or raped the child. State medical witnesses would have rebutted those claims which would have exposed the bias and prejudice;
>
> (4) there was a one hour gap in the video wherein the investigators sent in [Connell's] wife to talk to him. This evidence was exculpatory regarding statements made by both [Connell] and his wife;
>
> (5) counsel failed to preserve issues regarding the 12/20/11 hearing on the state motion in limine;
>
> (6) there was juror misconduct that counsel failed to investigate and report concerning a juror statement to [Connell's] father that the jury was doing bad things;
>
> (7) the multiple changes in the mother's statements regarding [Connell's] relationship with the children was not adequately attacked by counsel on cross examination;
>
> (8) reputation and opinion witnesses were not called regarding the mother's lack of veracity;
>
> (9) the prosecutor was allowed to express his personal opinions on guilt and accused the defendant of lying and counsel did not move for mistrial;
>
> (10) the audio was bad on the video of the interrogation of [Connell];
>
> (11) a carefully prepared motion to suppress evidence should have been filed and argued regarding the [eight–nine] hour interrogation of defendant. Issues of constitutional law violations and common law

a detailed ruling, addressed each of Connell's claims, and concluded Connell had failed to prove his ineffectiveness claim.

On appeal, Connell challenges only two of the PCR court's conclusions, asserting trial counsel was ineffective in (1) failing to make offers of proof regarding excluded evidence and (2) failing to investigate potential juror misconduct. He also asserts postconviction counsel was ineffective in failing to investigate potential juror misconduct.

We review constitutional claims such as ineffective assistance of counsel de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). In order to prevail on a claim of ineffective assistance of counsel, Connell must prove that counsel failed to perform an essential duty and prejudice resulted. *See id.* at 142. "However, both elements do not always need to be addressed. If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id.*

---

evidentiary violations should have been raised. No statements were knowingly, voluntarily or intelligently made;

(12) no opinions on the truth or veracity of the mother should have been allowed and there should have been objections and requests for mistrial;

(13) counsel did not explore and consult with experts regarding [Connell's] post traumatic disorders or raise diminished responsibility defenses—it is entirely possible to have a defense and at the same time present evidence of innocence . . . .

(14) [Connell's] counsel fell off a truck and sustained injuries post-verdict and represented [Connell] on his appeal;

(15) offers of proof should have been made for each and every way that the cross examination of the mother was limited;

(16) in 2011 what would a trial lawyer done in taking on a murder case if he or she was to exercise that degree of skill care and learning ordinarily exercised? [setting forth particular claims]

(17) counsel did not advise his client of all the reasons he might want a different lawyer to prosecute his appeal and to raise ineffective assistance of counsel claims.

Connell asserts trial counsel should have made an offer of proof concerning V.B.'s involvement with the department of human services (DHS) both here in Iowa and in Montana relating to her children,[2] and counsel should have attacked the privacy restriction of Iowa Code 235A.15 (2009), concerning access to child-abuse report information. Connell contends that if his trial counsel had made an offer of proof about whether DHS workers told the child's mother about their investigation into the child's death and had been able to cross-examine the mother about that investigation, "there would have been evidence to present on appeal to show how the failure to include the evidence from that investigation showed a clear motive and bias for [the] mother to change her story." He acknowledges that on appeal, this court found Connell was able to "strongly suggest[]" the mother was motivated to change her testimony due to feeling threatened by the loss of custody of her other child. *See Connell*, No. 12-0661, slip op. at *24. Yet, he argues there could have been *more compelling* evidence available if there had been an offer of proof.

The PCR court determined trial counsel did not fail to perform an essential duty and, in any event, Connell suffered no prejudice. We agree. Trial counsel explained in his testimony that he did not make an offer of proof because he was not certain the testimony in the offer of proof would have been consistent with other evidence supportive of his theory that the mother was biased and motivated to change her story. Thus, counsel's decision not to make an offer of proof was a

---

[2] Connell contends V.B. implicated him because the DHS threatened to take her other child (R.B.) away.

On direct appeal, this court observed, "Connell's defense theory—[V.B.] was not credible and changed her story due to suggestions by both Detective Dinneweth and DHS employees about the likelihood or unlikelihood of R.B. remaining in her custody—was, *in fact*, presented to the jury." *Connell*, No. 12-0661, slip op. at 26.

reasonable strategic decision. Moreover, even if the testimony had been admitted and was consistent with the same theory, the jury was still entitled to reject such evidence and theory. There was expert testimony the child died by blunt force trauma and the child was in Connell's care when he died. There was also evidence Connell had anger issues, was trying to "toughen up" the child, admitted he had pushed on the child's stomach at their apartment, and considered suicide near the time of the child's death. We find no prejudice.

Connell next asserts trial counsel was ineffective in failing to investigate potential juror "misconduct." Trial counsel testified at the PCR hearing,

> Well, it didn't come to me as misconduct. I remember Jim Connell, who is Zach's father, who is a bailiff here in the courthouse, mentioned to me that he had heard somewhere that there was something happened in the jury room that one of the jurors didn't like. I didn't hear it as misconduct. I heard it as this juror didn't like what happened.

Trial counsel also testified the "misconduct or the dissatisfaction complaint came much later, several months or a month after the verdict." Counsel stated he could not investigate the report because, "I didn't have the name of the juror. So not having the name of the juror after they all were dispersed, I didn't know where to go." We agree with the PCR court that "Connell did not provide any law or other facts supporting [his] argument there was juror misconduct that should have been investigated." We conclude trial counsel did not fail to perform an essential duty as he had no specific facts or knowledge of any alleged juror misconduct.

Connell also contends PCR counsel was ineffective in failing to investigate the juror misconduct issue further. He acknowledges, however, there is "no way . . . to determine whether any misconduct actually occurred." Without a specific

juror's name or a concrete statement of what happened, Connell can show nothing for PCR counsel to investigate even if he remained under a duty to investigate. We affirm.

**AFFIRMED.**